## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEXTER LANEY,                  )

    Plaintiff,              )      Civil Action No.:

                       )

v.                       )      Jury Trial Demanded

                       )

BBB LOGISTICS, INC. d/b/a DILIGENT  )

DELIVERY SYSTEMS, a foreign corporation,  )

    Defendant.         )

### FLSA COMPLAINT

COMES NOW Plaintiff Dexter Laney, (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant BBB Logistics, Inc. d/b/a Diligent Delivery Systems (hereinafter "Defendant"), and in support thereof would further state as follows:

### INTRODUCTION

1.    The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to recover overtime wages, lost wages, liquidated damages, attorneys' fees and any other remedy approved by this Court.

2.      Plaintiff worked for Defendant as a delivery driver at 5964 Peachtree Corners, Norcross, Georgia 30071.

3.      Plaintiff worked for Defendant from February 20, 2002 through December 23, 2016 driving and delivering automobile parts throughout the State of Georgia while classified by Defendant as an independent contractor.

4.      Defendant unlawfully classified Plaintiff as an independent contractor, despite the fact that he should have been classified as a nonexempt employee.

5.      This action is brought to recover, in part, unpaid overtime wages owed to Plaintiff pursuant to the FLSA.

6.      Plaintiff is not bound by an arbitration agreement with Defendant.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

8.      Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

9.    Plaintiff resides in Atlanta, Georgia (within this District).

10.    At all material times, Plaintiff was an "employee" within the meaning of the FLSA.

11.    Defendant is a corporation incorporated under the laws of Texas.

12.    Defendant is headquartered at 333 N. Sam Houston Parkway East, #1000, Houston, Texas 77060.

13.    For purposes of this lawsuit, Defendant may be served at: CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046-4895.

14.    Defendant engages in the business of shipping and delivery.

15.    Defendant conducts business in this State and District.

16.    At all material times, Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

17.    At all material times, Defendant maintained control, oversight, and direction over its operations and employment practices.

18.    At all material times, Defendant has been and remains an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and had an annual gross volume of sales which exceeded $500,000.

19.    On November 30, 2017, Administrative Law Judge, Charles R. Beaudrot, Jr., of The Office of State Administrative Hearings, State of Georgia, Docket No. OSAH-DOL-UITL-1741369-BEAUDROT, found that Plaintiff was an "employee" and not an independent contractor for the purposes of the Georgia Unemployment Compensation Fund.

## FACTUAL ALLEGATIONS

20.    Plaintiff was a delivery driver for Defendant.

21.    Throughout the relevant period, Defendant consistently misclassified Plaintiff as an independent contractor.

22.    Defendant benefits greatly by misclassifying its drivers as independent contractors, in part, by shifting its business expenses to its workers and avoids workers' compensation and unemployment payments, social security, and other payroll taxes owed by employers.

23.    Although Defendant classified Plaintiff as an independent contractor, Defendant closely supervised his work.  Such control includes, but is not limited to, the following:

a.  Defendant required Plaintiff to report to work at a specific time each work day on Mondays through Friday, at which

time, Defendant provided Plaintiff with his initial round of deliveries;

b. Defendant required Plaintiff to purchase and wear shirts with Defendant's logo and present himself to all of Defendant's customers as a Defendant driver; and

c. Defendant required Plaintiff to perform the tasks of paid warehouse workers including operating a forklift, loading pallets containing the items for each delivery, and shrink wrapping and labeling each of these pallets.

24.    Defendant had a policy and pattern or practice requiring Plaintiff to work in excess of 40 hours per week.

25.    Defendant compensated Plaintiff at flat rate per month or per pay period to perform deliveries along their standard route. At times, Defendant compensated Plaintiff an additional amount for additional deliveries. However, Defendant, at times, required Plaintiff to perform some additional deliveries for free.

26.    On December 23, 2016, Plaintiff 's supervisor, Tom Formica, sought Plaintiff to, again, work without any compensation.

27.     Plaintiff complained to Mr. Formica about being forced to perform unpaid work.

28.     In response to Plaintiff's protected complaint, Mr. Formica terminated Plaintiff.

29.     Defendant has/had a policy and pattern or practice to intentionally and willfully fail to compensate Plaintiff for overtime hours at the rate of time and one-half of his driver's regular rate.

30.     Defendant was or should have been aware that the FLSA required it to compensate Plaintiff overtime pay for all hours worked in excess of 40 hours per week.

31.     Defendant's failure to compensate Plaintiff overtime wages for his work in excess of 40 hours per week was willful, intentional, and in bad faith.

34.     Defendant is liable to Plaintiff for compensation for all time worked in excess of 40 hours per week at a rate of time and one-half of his regular rate.

35.     By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

36.     As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

37.    Plaintiff has retained the undersigned counsel to represent him.

38.    Plaintiff demands a jury trial.

## COUNT I
## (OVERTIME)

39.    The above paragraphs are incorporated by reference as if fully set forth herein.

40.    By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

41.    Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly classify Plaintiff as an "employee" and by illegally classifying him as "independent contractor" and by failing to properly compensate him with overtime pay as required by the FLSA.

42.    As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime pay in accordance with the FLSA.

43.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

44.    As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is

entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## COUNT TWO
## (RETALIATION)

45.    The above paragraphs are incorporated by reference as if fully set forth herein.

46.    This claim arises from Defendant's unlawful and willful retaliation against Plaintiff in violation of the FLSA, 29 U.S.C. § 201, <u>et. seq.</u>

47.    It is a violation of 29 U.S.C. § 215(a)(3) "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter."

48.    On December 23, 2016, Defendant retaliated against Plaintiff by terminating him because he complained about being required to work without compensation.

49.    Defendant willfully and recklessly terminated Plaintiff's employment in violation of 29 U.S.C. § 215(a)(3).

50.    Plaintiff seeks back and front pay, liquidated damages and all other damages available at law.

51.    Plaintiff also seeks recovery of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     Unpaid overtime wages, lost wages, back and front pay;

B.     Liquidated damages;

C.     Attorneys' fees and expenses;

D.     Any such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 10th day of May, 2018.

MARTIN & MARTIN, LLP

By:     Kimberly N. Martin
        Kimberly N. Martin
        kimberlymartinlaw@gmail.com
        Georgia Bar No. 473410
        Thomas F. Martin
        tfmartinlaw@msn.com
        Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538