## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEXTER LANEY,

     Plaintiff,

           v.

BBB LOGISTICS, INC.., D/B/A DILIGENT
DELIVERY SYSTEMS, A FOREIGN
CORPORATION,

     Defendant.

Civil Action No.
1:18-cv-02071-SDG

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of

Settlement Agreement and Release [ECF 66] and Plaintiff's Motion for Attorneys'

Fees and Expenses [ECF 68]. For the reasons stated below, the Court **GRANTS**

both motions.

### I.    PROCEDURAL HISTORY

Plaintiff filed this case on May 10, 2018.[1] The Complaint asserts two counts

for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

Count One alleges that Defendant unlawfully withheld overtime wages by

---

[1]    ECF 1.

classifying Plaintiff as an independent contractor rather than an employee.[2] Count Two alleges that Defendant unlawfully retaliated against Plaintiff by terminating him when he raised concerns about his compensation.[3]

Following discovery, the parties entered a Joint Proposed Pretrial Order and trial was scheduled for February 24, 2020.[4] After being informed by both parties that they were open to mediating, the Court referred the parties to United States Magistrate Judge J. Clay Fuller for mediation. The mediation took place on February 12, 2020,[5] and the parties were able to reach a proposed settlement agreement.[6] Accordingly, on February 20, 2020, the Court entered an Oral Order instructing the parties to file the present motions for its review.

## II.   JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE

### a.   Legal Standard

There are only two ways in which claims arising under the FLSA can be settled. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir.

---

[2]   *Id*. ¶¶ 39–44.

[3]   *Id*. ¶¶ 45–51.

[4]   ECF 52.

[5]   ECF 56.

[6]   ECF 65.

1982). First, the Secretary of Labor is permitted to supervise the payment of unpaid wages owed to employees. *Id*. at 1352–53. Second, in the context of a private lawsuit brought by an employee against an employer, the parties may "present to the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

In requiring a review of settlement agreements, the Eleventh Circuit explained that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id*. at 1352 (*quoting Barrentine v. Arkansas – Best Freight Sys.*, 450 U.S. 728, 740 (1981)). The Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. But to approve an agreement between an employer and

> employees outside of the adversarial context of a lawsuit
> brought by the employees would be in clear derogation
> of the letter and spirit of the FLSA.

*Lynn's Food Stores*, 679 F.2d at 1354 (internal citations omitted). Accordingly, parties may settle a claim if the district court determines it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. As a general rule, if "'parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable' and courts will '[r]arely . . . be in a position to competently declare that such a settlement is unreasonable.'" *Edwards v. Mattress Giant Corp.*, No. 1:10-CV-1735-HLM-WEJ, 2011 WL 13319725, at *1 (N.D. Ga. Dec. 13, 2011) (omission in original) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)) (other citations omitted).

Courts' review of FLSA settlements to ensure fairness and reasonableness "implicate[ ] both the rights of the settling employee and the interests of the public at large." *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017) (refusing to approve settlement agreement due to inclusion of confidentiality provision). Thus, courts in this district often apply a two-step approach when reviewing FLSA settlement agreements:

> First, the court should consider whether the compromise
> is fair and reasonable to the employee (factors "internal"

> to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (*citing Dees*, 706 F. Supp. 2d at 1264); *Warner v. Complete Cash Holdings, LLC*, No. 4:10-CV-0021-HLM, 2011 WL 13161934, at *2 (N.D. Ga. Mar. 24, 2011) (same).

**b.   Analysis**

The Court has reviewed the parties' Joint Motion for Approval of Settlement Agreement and Release and the proposed agreement attached thereto. The Settlement Agreement provides that Defendant shall pay Plaintiff $26,000 and pay Plaintiff's counsel reasonable fees and expenses.[7] As explained by the parties, Defendant will pay $25,000 to satisfy Plaintiff's FLSA claims for overtime wages and retaliation, and an additional $1,000 as consideration for release of Plaintiff's Georgia state law claims and Plaintiff's agreement not to seek employment with Defendant or to contract with it.[8]

The Court finds that there is a bona fide dispute regarding Plaintiff's claims arising under the FLSA. Further, it finds that the terms of the proposed agreement

---

[7]   ECF 66-1, ¶ 2.

[8]   ECF 66, at 7.

are fair and reasonable to Plaintiff, as well as consistent with the purposes and implementation of the FLSA. Significantly, both parties have been represented by counsel during the entirety of the settlement discussions. Moreover, the settlement proceeds Plaintiff will receive are separate from the amount that will go to his counsel.[9] As such, the Court **GRANTS** the parties' Joint Motion for Approval of Settlement Agreement and Release, which includes the ruling below concerning the payment of Plaintiff's counsels' reasonable fees and expenses.

## III.   PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

### a.   Preliminary Issues

Before discussing the parties' arguments, the Court must address Defendant's counsel's unabashed refusal to comply with this Court's rules and procedures. LR 7.1(D), NDGa states, in no uncertain terms, that briefs filed in support of a motion or in response thereto are limited to 25 pages. Additionally, this Court's Standing Order, which all three defense attorneys certified that they had read and would follow,[10] provides that parties seeking an extension of the page limit must file a motion with the Court three days prior to the filing

---

[9]   ECF 66-1, ¶ 2(d).

[10]   ECF 42; ECF 43; ECF 44.

deadline.[11] The Order then expressly states that the Court "will not consider any arguments made in pages that exceed those prescribed by the Local Rules."[12] Defendant blatantly violated both the Local Rules and the Court's Standing Order by filing a 43-page response without seeking leave to do so. Accordingly, the Court is under no duty to consider Defendant's response beyond page 25.

Plaintiff raises these violations in its reply brief.[13]  In rebuttal, Defendant filed Objections to Plaintiff's Reply in Support of Motion for Fees.[14] Defendant's filing can only be described as a surreply, filed without leave. As explained in the Court's Standing Order, surreplies are not permitted absent leave from the Court.[15] Thus, in an apparent effort to present an explanation for how it did not violate the Court's page limitations, Defendant violated yet another rule.[16]

---

[11]   ECF 41, at 14.

[12]   *Id*.

[13]   ECF 71.

[14]   ECF 72.

[15]   ECF 41, at 12.

[16]   Nor are these violations the first time Defendant's counsel have completely disregarded their obligations under the Local Rules. In January, Defendant's counsel blew past their deadline to respond to Plaintiff's motion for sanctions. After the unopposed motion for sanctions was submitted to the Court, counsel reached out to Chambers to state that they would be filing a response. Upon being instructed that they needed to file a motion for leave to file out of time, counsel sought such leave in a motion that exhibited a similar lack of responsibility for their conduct, pointing to their one-sided understanding of

Defendant's surreply asserts that the Court's February 20, 2020 Oral Order directing Defendant to respond to Plaintiff's motion within 14 days granted it leave to file a response unhampered by the Court's rules and procedures.[17] Defendant's counsel also claim that "the legal argument portion of the opposition (if considered a brief) is under [LR 7.1(D)'s] page limit."[18]

This explanation for counsel's violation of the Court's page limitation—provided via an unauthorized surreply—is truly unique. The notion that the Court's Oral Order setting briefing deadlines somehow eliminated (*sub silencio*) the parties' duty to comply with the Court's other orders and the Local Rules—permitting a free-for-all exchange—does not merit discussion. That Defendant's response to Plaintiff's motion should not be considered a brief is absurd. The Local Rules make clear that a memorandum responsive to a motion is subject to a 25-page limit. LR 7.1(B), (D), NDGa. That limit provided Defendant with ample opportunity to respond to Plaintiff's 19-page motion. If Defendant's counsel felt otherwise, they were required to seek leave to extend the page limit. Given that Defendant's response to Plaintiff's motion didn't even include its specific

---

the Court's instructions and Plaintiff's actions. ECF 53-1.

[17]  ECF 72, ¶ 1.

[18]  *Id*. ¶ 4.

objections to Plaintiff's fee request (relegating those to its more than 750 pages of exhibits), 25 pages would have been more than sufficient for the opposition brief.

Nevertheless, the Court will not cause the parties to incur further costs by ordering re-briefing. Additionally, because Mr. Bresenhan's declaration in support of Defendant's response contains, nearly verbatim, the arguments that are in the response itself, the Court has considered all the arguments raised by Defendant. The Court will, however, **STRIKE** Defendant's Objections re Reply Brief [ECF 72] from the record.[19] Defendant's out-of-state counsel are reminded that the Court may revoke their *pro hac vice* admission and deny applications in the future for flagrantly violating the Court's rules in this manner. Local counsel is also cautioned that he is responsible both for his own conduct, as well as that of the attorneys he sponsored. LR 83.1(B)(2), NDGa ("The designated local counsel must sign all pleadings and other papers filed in the case by the attorney appearing *pro hac vice*.").

---

[19] Outside of its fantastical explanation for its page-length violation, the only argument raised in Defendant's surreply that was not raised in its response is an objection to the Duerr declaration attached to Plaintiff's reply brief. ECF 72, ¶ 8. As the Court finds that Plaintiff provided competent evidence to support his attorneys' fees without the Duerr declaration, the Court did not consider Duerr's testimony. Therefore, Defendant's objection is moot and is not prejudiced by the striking of the improperly filed surreply.

Having reviewed the parties' briefing on the issue of attorneys' fees, the Court **GRANTS** Plaintiff's motion in its entirety.

### b.    Legal Standard

Under 29 U.S.C. § 216(b), "[p]revailing plaintiffs are automatically entitled to attorneys' fees and costs." *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007). "Once a plaintiff has prevailed, the 'determination of a reasonable fee pursuant to section 216(b) of the [FLSA] is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion.'" *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 847 (11th Cir. 2019) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)).

> In calculating a reasonable award of attorneys' fees, a district court must first calculate the "lodestar" amount—the number of hours reasonably expended multiplied by a reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The district court is itself an expert on the reasonableness of hourly rates and may consider its own knowledge and experience on the topic. Further, the fee applicant must provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity. In addition, a well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 930–31 (11th Cir. 2013) (quotations and citations omitted).

### c.    Analysis

Plaintiff's motion requests an award of $106,280 in attorneys' fees and $797.70 in expenses.[20] That motion also indicated that Plaintiff would seek fees-on-fees,[21] which he did in filing for Supplemental Attorneys' Fees after submission of his reply brief, requesting an additional $13,800 stemming from counsels' work briefing the fee motion.[22] In total, Plaintiff seeks an award of $120,877.70 in attorneys' fees and expenses. In response, Defendant does not object to the recovery of $797.70 in expenses.[23] However, it argues that the fees requested are unreasonable.[24] Accordingly, the Court will address the reasonableness of Plaintiff's requested fees.

### i.    Hourly Rate

Plaintiff carries the burden of showing that the requested rates are reasonable. *Feliciano v. Wehunt*, No. 1:09-cv-03130-JOF, 2010 WL 1565493, at *3

---

20    ECF 68, at 19.

21    *Id.*

22    ECF 73.

23    ECF 70, at 1 n.1.

24    ECF 70.

(N.D. Ga. Apr. 19, 2010). Here, Plaintiff relied on his counsel's affidavits and other cases in the Northern District of Georgia to support his assertion that the $400/hour rate is within the range of the prevailing market rates.[25] Furthermore, the Court notes that Defendant does not object to this rate.[26] Based on the evidence provided by counsel and the Court's own experience in the relevant legal market, the Court finds that the hourly rates charged were reasonable.

### *ii.*   Hours Billed to the Matter

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Fee applicants must exercise "billing judgment." *Id.* (quoting *Hensley*, 461 U.S. 424, 437 (1983)). At the discretion of the district court, "'excessive, redundant or otherwise unnecessary hours' should be excluded from the amount claimed." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d

---

25   ECF 68, at 8–9; ECF 68-2; ECF 68-3.

26   ECF 70, ¶ 47.

1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim,* 10 F.3d 776, 783 (11th Cir. 1994)).

Objections concerning hours expended by opposing counsel "must be specific and 'reasonably precise.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman,* 836 F.2d at 1301). In determining the reasonability of the hours expended, the district court "may rely on affidavits and its own knowledge and expertise." *Barnes*, 168 F.3d at 428. However, "where specific objections are made, a court's order should consist of more than conclusory statements." *Id*.

Plaintiff's counsel has requested $96,520 for 241.30 hours worked by Ms. Martin and $9,760 for 24.40 hours worked by Mr. Martin up to the filing of the fee motion.[27] They also requested $13,800 for 34.50 hours worked by Ms. Martin on the present motion.[28] Counsel have provided detailed billing records of the time they spent on this matter.[29] They have also provided declarations supporting the billing records.[30] Prior to submitting their request, counsel proactively reviewed

---

[27]   ECF 68-2, ¶ 28.

[28]   ECF 73.

[29]   ECF 68-1.

[30]   ECF 68-2; ECF 68-3.

their time and removed any entries they felt were duplicative or not reasonably necessary.[31] Additionally, even though counsel are allowed to bill for communications with each other, they removed all time from one attorney for such communications, and they removed all time related to the deposition of a 30(b)(6) witness that ultimately did not occur.[32] These removals resulted in approximately an $8,000 reduction in fees.[33]

Plaintiff's counsel also attempted to reduce the number of hours billed by repeatedly offering to go to mediation throughout the case and by offering to settle the amount of attorneys' fees and expenses during the mediation.[34] Counsel note that this case presented hotly disputed facts and issues including whether Plaintiff should be considered an independent contractor or employee, requiring the application of a multi-part test.[35] The litigation was further complicated by the fact that Defendant had not retained time records for Plaintiff, which forced Plaintiff's counsel to recreate Plaintiff's hours based on limited daily records and his own

---

[31]   ECF 68, at 6.

[32]   *Id.*

[33]   *Id.*

[34]   ECF 68-2, ¶ 18.

[35]   *Id.* ¶ 19.

testimony.[36] The parties engaged in frequent discovery battles which led to two hearings and multiple teleconferences with the Court.[37]

The Court finds that Plaintiff has provided sufficient and persuasive documentation to support the requested fees. After reviewing counsel's declarations and detailed time entries, the Court finds that the hours for which Plaintiff seeks compensation for counsel's work on this case are reasonable. This is especially true given Plaintiff's repeated offers to mediate that were rejected by Defendant, causing the ultimately successful mediation to occur only two weeks prior to the scheduled trial date. Nevertheless, the Court will address Defendant's specific objections to the time submissions.

Strangely, while Mr. Bresenhan's declaration states that he is not objecting to any fees incurred by Mr. Martin, as opposed to Ms. Martin,[38] Defendant's response brief makes no such limitation. Defendant makes two broad objections to the reasonableness of Plaintiff's counsels' hours. First, it argues that this case should have settled in July 2018 and, therefore, all costs incurred past that date should be discounted. Second, it argues that Plaintiff only qualifies as a "partially"

---

[36]   *Id*. ¶ 23.

[37]   ECF 22; ECF 25; ECF 28; ECF 50.

[38]   ECF 70-1, ¶ 10.

prevailing party and the awarded fees should be deducted proportional to Plaintiff's success. The Court rejects both of these arguments for the reasons discussed below.

First, the contention that Plaintiff is at fault for failing to settle this case in July 2018 is contrary to the parties' Settlement Agreement and to the facts. As part of its consideration for entering into the Settlement Agreement, Defendant agreed to pay "Plaintiff's counsel for their reasonable fees and expenses."[39] Neither the Joint Motion for Approval of Settlement and Release nor the Settlement Agreement itself qualify that the fees and expenses are to be limited to those incurred prior to July 2018.

Further, Defendant mischaracterizes the nature of the parties' communications in July 2018. Defendant claims that Mr. Bresenhan's July 16, 2018 email to Ms. Martin constituted "a framework to settle the lawsuit."[40] However, there is nothing in that email that could be read as providing such a framework. The email itself states that it is expecting Ms. Martin to send a settlement demand

---

[39]   ECF 66-1, ¶ 2(d).

[40]   ECF 70, ¶ 19.

before informing her that Defendant has calculated Plaintiff's overtime wages to be less than $3,000.[41]

The email falls far short from providing the basis for a full settlement offer, mentioning less than $3,000 in overtime payments and omitting anything about Plaintiff's retaliation claim. Yet, Defendant asserts that from this email, Ms. Martin should have been able to extrapolate that Plaintiff's "best day would be $3,000 in unpaid overtime for the two-year period, liquidated damages of $3,000 for the two-year period, $5,000 in unpaid overtime for the extra third year, liquidated damages of $5,000 for the extra third year, and $5,000 for any retaliation."[42] Defendant then colloquially refers to this imaginary framework as the "Bresenhan framework" and claims that Plaintiff should have agreed to it in July 2018 since it would have provided only $4,000 less than the amount awarded to Plaintiff under the terms of the Settlement Agreement.[43]

Following Mr. Bresenhan's July email, Ms. Martin had to take an unexpected medical leave.[44] However, when she returned to work in the

---

[41]   ECF 70-7.

[42]   ECF 70, ¶ 56.

[43]   *Id.* ¶¶ 56–57.

[44]   ECF 71, at 4.

beginning of October 2018, she made a comprehensive settlement demand to Defendant in an October 4, 2018 email.[45] That offer included a calculation of $26,000 for the overtime claim and $15,000 for the retaliatory charge.[46] The email noted that the attorneys' fees and costs, which were "relatively low at this point," were not included in that total, but that they could discuss those once they were closer to a resolution.[47] Ms. Martin asked for any evidence that disputed the calculations provided and added: "[A]s we discussed, to the extent that you believe that mediation would be helpful, we would be open to that."[48] Defendant never replied to that demand.[49] Nor did it reply to Plaintiff's follow up offers to go to mediation.[50]

Thus, the evidence shows that Defendant did not make a settlement offer in July 2018, or otherwise provide a settlement framework to Plaintiff. When presented with an actual settlement offer, Defendant failed to reply. Similarly, Defendant failed to respond to Plaintiff's repeated attempts to mediate. As such,

---

[45]   ECF 70-9.

[46]   *Id*.

[47]   *Id*.

[48]   *Id*.

[49]   ECF 71, at 5.

[50]   *Id.* at 5–6.

the Court finds that Defendant, not Plaintiff, prevented the early settlement of this case, causing the attorneys' fees to increase over the course of two years' worth of litigation.

The Court also rejects Defendant's argument that a percentage of the lodestar amount should be discounted because Plaintiff is only a "partially" prevailing party.[51] "[T]he key question in determining prevailing party status is whether the party 'has succeeded on any significant claim affording it some of the relief sought. . . . [T]he plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" *McBride v. Legacy Components, LLC*, 778 F. App'x 708, 709–10 (11th Cir. 2019) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)). Plaintiff's status as the prevailing party is undeniable as the terms of the Settlement Agreement expressly award monetary damages to Plaintiff for overtime and retaliation, the only two counts in the Complaint. Defendant argues, however, that the fees should be reduced because Plaintiff recovered less than the amount initially claimed.[52]

---

[51]   ECF 70, ¶¶ 43–45.

[52]   *Id*. ¶ 36.

Defendant's citations fail to support such a reduction.[53] In *Bivins v. Wrap-it-Up, Inc.*, the Eleventh Circuit only held that a reduction in the lodestar amount can be warranted when plaintiff is partially successful in his *claims*. 548 F.3d 1348, 1352 (11th Cir. 2008). As Plaintiff was successful on all his claims, that holding is immaterial to this case. In *Feidler v. Anglin's Beach Café, LLC*, the other case cited by Defendant, the Southern District of Florida expressly found that a reduction based on the difference between the amount initially claimed and the amount ultimately awarded would be "contrary" to the Eleventh Circuit's precedent. No. 15-60989-CIV, 2017 WL 1278632, at *3 (S.D. Fla. Apr. 3, 2017). Additionally, the Eleventh Circuit and this Court have found that fees do not have to be proportionate to the damages obtained. *P&K Restaurant Enter., LLC v. Jackson*, 758 F. App'x 844, 850–51 (11th Cir. 2019) (rejecting the proportionality argument and affirming the award of $118,894.20 in fees in a $6,308 jury verdict case); *see also Cain v. Almeco USA, Inc.*, No. 1:12-CV-3296-TWT, 2014 WL 2158413, at *1 (N.D. Ga. May 23, 2014) (denying requested reduction where the lodestar amount was "more than ten times that of [the plaintiff's] actual and statutory damages").

---

[53]    *Id.*

Having rejected Defendant's broad objections, the Court now turns to the twelve specific objections made in Exhibit 29 attached to Defendant's response.[54] Defendant first objects to the 42.25 hours spent on legal research.[55] FLSA cases are highly fact intensive. Therefore, even experienced counsel must engage in legal research regarding the specific issues raised by a particular case. Here, counsel's detailed time entries show specific topics that required research in this case. The Court finds that counsel's 42.25 hours of legal research over the course of close to two years' worth of litigation was reasonable.

Defendant objects to 4.45 hours spent reviewing client information.[56] The Court has reviewed the entries and finds that the 4.45 hours spent reviewing information provided by the client was reasonable. This conclusion is reinforced by Defendant's calculation that 1.50 of those hours were spent reviewing the potential client's information and information provided from the client's former attorney before even taking the case on April 3 and 4, 2018.[57] Given that counsel had to recreate Plaintiff's work hours based on limited records and Plaintiff's

---

[54]   ECF 70-30.

[55]   *Id*. at 3.

[56]   *Id*. at 4.

[57]   *Id*.

testimony, the remaining 2.95 hours spent making those calculations appears low to the Court.

Defendant objects to 7.30 hours spent researching other companies doing business as Diligent Delivery Systems ("DDS").[58] Defendant argues that those other businesses are not relevant because Plaintiff sued only one Defendant, BBB Logistics. The fact that counsel researched other FLSA cases against DDS is appropriate given Defendant's relationship with that entity. As Defendant notes, the Court previously found those cases to be related and required Defendant to produce copies of complaints filed against DDS entities between May 16, 2015 and December 26, 2016.[59] Thus, the Court finds the 7.30 hours spent researching similar cases filed against DDS was reasonable.

Defendant objects to the alleged duplication of time by counsel in preparation for the deposition of Plaintiff and Tom Baker.[60] The entries show that Ms. Martin did the preparatory work for the depositions and Mr. Martin handled the depositions. The Court has reviewed the records and sees no duplication of effort. Further, the hours charged for working on the depositions were already

---

[58]   *Id*. at 5.

[59]   *Id*.

[60]   *Id*. at 6–7.

reduced by Plaintiff's counsel as they only charged for one attorney's time when discussing the depositions with each other.[61]

Defendant objects to the 10 hours spent preparing written discovery objections and responses.[62] Defendant alleges that Plaintiff's counsel should have spent only two hours preparing the responses to two sets of written discovery.[63] The Court has reviewed the time entries and finds them reasonable. Further, based on its knowledge and experience, the Court finds that ten hours spent responding to discovery is reasonable.

Defendant objects to the 23.4 hours spent preparing the Joint Proposed Pretrial Order.[64] As should come as no surprise given the Court's discussion above, and made apparent in Defendant's objection and Plaintiff's response, counsel encountered problems working with each other to draft the Joint Proposed Pretrial Order. This undoubtedly increased the amount of time it took to prepare.[65] Regardless, the Court finds that 23.40 hours spent researching, drafting, and finalizing a joint pretrial order is reasonable.

---

[61]   ECF 68-1, at 7, 10.

[62]   ECF 70-30, at 8.

[63]   *Id*.

[64]   *Id*. at 9.

[65]   *Id*. at 9; ECF 71, at 14.

Defendant objects to the 7.60 hours spent preparing for and attending a conference with Plaintiff to prepare for trial.[66] The time entries show that during the conference, counsel and Plaintiff discussed trial preparation, reviewed exhibits, testimony, and the Joint Proposed Pretrial Order, and met with a potential trial witness.[67] The Court finds 7.60 hours spent preparing and attending such a conference with one's client is reasonable.

Defendant objects to the 30.80 hours spent preparing for trial.[68] The Court notes that the underlying claims in this case settled during a mediation held two weeks prior to trial. The fact that Plaintiff's counsel prepared for trial, in the event mediation was not successful, is reasonable and justified given Defendant's refusal to mediate up until that point and the proximity of the trial date. Further, the Court has reviewed these time entries and finds them to be reasonable based on its own knowledge and experience.

Defendant objects to the 15.30 hours spent preparing for and attending the February 2020 mediation, five of which were spent at the mediation itself.[69]

---

[66]   ECF 70-30, at 10.

[67]   ECF 68-1, at 15.

[68]   ECF 70-30, at 11.

[69]   *Id*. at 12.

Plaintiff's counsel respond that they prepared a mediation statement and a detailed legal analysis chart of the more than 30 cases cited by Defendant in its previous filings.[70] The billing records contain detailed descriptions of counsel's mediation preparation. After reviewing those entries, the Court finds the hours expended to be reasonable.

Defendant objects to the 20.4 hours spent using email throughout the course of this case.[71] Given the length of this case, the Court finds that 20.4 hours spent using email is reasonable as, upon review of the entries, email appears to be the main method of communication with Defendant's counsel and was also heavily used to communicate with Plaintiff himself and with the Court. Furthermore, Plaintiff's counsel have already deducted time spent using email by charging only for one attorney's time when Plaintiff's counsel were communicating with each other.

Finally, Defendant objects to all "remaining fees."[72] While this argument is not entirely clear, Defendant appears to be asserting that the remaining fees should be deducted because the case should have settled in July 2018. As discussed above,

---

[70]   ECF 71, at 15–16.

[71]   ECF 70-30, at 13–14.

[72]   *Id*. at 15.

Defendant's emphasis on its July 2018 "settlement offer" is misplaced. The Court denies Defendant's request to reduce Plaintiff's counsels' fees by $30,000.

### iii.   Supplemental Filing

Defendant also filed an Objection to Plaintiff's Supplemental Attorney's Fees [ECF 74], in which it argues that Plaintiff should have estimated the remaining time he would spend on his reply brief when filing his initial motion, instead of filing the supplement.[73] The Court finds this argument without merit. By filing a supplement related to such fees after completion of the relevant work, Plaintiff's counsel were able to provide evidence of their work and the actual hours expended.

The Court has reviewed Plaintiff's counsels' time entries as well as Defendant's objections and finds the hours spent briefing the fee motion were reasonable. Defendant claims that counsel should have needed only three hours for legal research and did not need 2.10 hours to review attorney time records. This ignores the burden a party must meet when attempting to recover fees. *Norman*, 836 F.2d at 1301. The original motion contained extensive legal research supporting the specific time entries charged. Further, the 2.10 hours spent

---

[73]   ECF 74, ¶¶ 4–5.

reviewing all the time entries in an almost two-year long case and removing any redundant or excessive entries is more than reasonable. Finally, the 15.70 hours spent preparing a reply brief was plainly warranted here.[74] Defendant's response was a 43-page brief with more than 750 pages in exhibits. Thus, the 9.60 hours required for Plaintiff's counsel to "[c]ontinue reviewing Defendant's Response to Plaintiff's Motion for Attorneys' Fees, accompanying exhibits, affidavits and 'Specific Objections,' emails and correspondence in case and revise . . . ."[75] is a product of Defendant's counsels' own excess.

## IV.        CONCLUSION

For the reasons stated above, the Court **GRANTS** the parties' Joint Motion for Approval of Settlement Agreement and Release [ECF 66] and Plaintiff's Motion for Attorneys' Fees and Expenses [ECF 68]. Defendant is **ORDERED** to pay Plaintiff a total of $120,877.70 in attorneys' fees and costs in addition to the other payments outlined in the parties' Settlement Agreement.

---

[74]   The Court did notice that the April 17, 2020 record reports 2.40 hours in the "Description" column but 2.50 hours in the "Time" column. ECF 73, at 4. This appears to be an innocuous error as the 15.70 total hours reported is only attainable when attributing 2.40 hours to the April 17 entry. Accordingly, the overall hours charged is either correct or 0.1 less than the actual hours spent working on the brief.

[75]   ECF 73, at 4.

The Settlement Agreement is **APPROVED**. As such, the following miscellaneous motions pending before the Court are **DENIED AS MOOT**: Plaintiff's Motions In Limine [ECF 47]; Plaintiff's Proposed Voir Dire and Motion for Sanctions [ECF 49]; and Plaintiff's motion to show cause [ECF 61]. Further, for the reasons discussed herein the Clerk is **DIRECTED** to **STRIKE** Defendant's Objections re Reply Brief [ECF 72]. The case is **DISMISSED WITH PREJUDICE** and the Clerk is **DIRECTED** to close the case.

**SO ORDERED** this the 20th day of May 2020.

Steven D. Grimberg
United States District Court Judge