[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12279
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-02071-SDG

DEXTER LANEY,

    Plaintiff - Appellee,

versus

BBB LOGISTICS, INC.,
a foreign corporation,
d.b.a.
Diligent Delivery Systems,

    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 8, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

BBB Logistics, Inc. appeals the district court's award of attorneys' fees against it after settling the merits of a Fair Labor Standards Act ("FLSA") case with Dexter Laney. For the reasons expressed below, we affirm.

I.   **FACTUAL AND PROCEDURAL HISTORY**

From February 20, 2002, until December 23, 2016, Laney worked as a driver affiliated with BBB delivering automobile parts throughout Georgia. The company classified him as an independent contractor, and his relationship with BBB was based on an independent contractor agreement.

Despite this classification, Laney alleges that the company treated him as an employee rather than an independent contractor. Specifically, BBB controlled what hours Laney worked, required him to wear shirts with the company's logo, and required him to perform some tasks that warehouse employees typically performed. Laney says that he sometimes had to work more than forty hours per week and did not always receive additional compensation for working those extra hours. Laney complained to a supervisor at BBB about having to perform additional work without compensation and was subsequently fired.

A Georgia state administrative law judge determined that, for purposes of Georgia law, Laney was an employee rather than an independent contractor for purposes of the Georgia Unemployment Compensation Fund. On May 10, 2018,

Laney filed suit alleging that BBB violated the FLSA by misclassifying him as an independent contractor rather than an employee, thereby denying him the overtime pay to which he was entitled, and by terminating his employment in retaliation for raising the FLSA violation.

Maurice Bresenhan represented BBB in this case. On July 16, 2018, Bresenhan sent Kimberly Martin, Laney's attorney, and Laney's other attorneys an email expressing his impression that Martin planned to send a settlement demand. The email explained Bresenhan's process of calculating the maximum amount of missed overtime pay, which he said would be less than $3,000. On October 4, 2018, after returning from medical leave, Martin emailed Bresenhan a settlement demand. She noted that she did not have Laney's time records and was forced to "estimate the amount of damages." The demand letter estimated the damages at $41,000: $26,000 in overtime pay loss and $15,000 for the retaliatory discharge claim. The demand letter mentioned that the $41,000 did not include attorneys' fees, but they were "relatively low at [that] point." Bresenhan never responded to the settlement demand. In a sworn declaration, Martin says that she "repeatedly offer[ed] to go to mediation throughout the case."

In January 2020, the parties agreed to participate in mediation. On February 12, 2020, shortly before the trial was set to begin, the parties appeared before a magistrate judge for mediation and reached a settlement. Under the terms of the

settlement agreement, BBB—while disclaiming liability—agreed to pay Laney $26,000 in resolution of the merits of the dispute and to pay "Plaintiff's counsel for their reasonable fees and expenses." The settlement agreement, however, left determination of those reasonable fees and expenses to the district court.

The parties filed a joint motion to approve the settlement, including their request that the district court retain jurisdiction to enforce the settlement agreement, which the district court granted. Laney also filed a motion for attorneys' fees and expenses. Among the motion's exhibits were billing records and declarations from two of Laney's attorneys supporting the records and explaining why the requested amount was reasonable. BBB filed a response with thirty-two exhibits, including a declaration from counsel, which the district court subsequently concluded restated many of the same arguments raised in the response itself. Laney filed a reply, and BBB filed objections to the reply, which the court struck as an unauthorized surreply. Finally, Laney filed a supplemental notice, to which BBB objected, updating his fee request with the cost of briefing the motion for attorneys' fees.

The district court granted Laney's motion in full, ordering BBB to pay Laney $120,877.70 in attorneys' fees and costs. Relying on Laney's attorneys' declarations and its own experience in the relevant legal market—and noting that BBB did not object to the requested rate—the district court found that the hourly rates charged by Laney's attorneys were reasonable. As to the hours expended, the district court

4

noted that "FLSA cases are highly fact intensive." It noted that Laney's attorneys kept detailed records of the time spent on the case, and that they had reduced the amount of time they could have asked for by only charging for the time of one attorney when two were communicating among themselves. In analyzing the amount of time spent on the case, the district court also noted that BBB did not settle the case early. This timely appeal followed.

## II. STANDARD OF REVIEW

The district court's determination regarding prevailing party status is a legal conclusion we review *de novo*, while the factual findings underlying that determination are reviewed for clear error. *Church of Scientology Flag Serv., Org. v. City of Clearwater*, 2 F.3d 1509, 1512–13 (11th Cir. 1993). We review an award of attorneys' fees for abuse of discretion. *Id*. at 1513.

## III. ANALYSIS

On appeal, BBB raises a number of arguments, which we address in turn below.

### A. Prevailing Party

"Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985)); *accord* 29 U.S.C. § 216(b). A plaintiff is a prevailing party entitled to attorneys' fees when he receives a judgment on the merits or a consent decree. *See*

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001); *see also Hanrahan v. Hampton*, 446 U.S. 754, 756–57 (1980). This Court has held that when a district court approves a settlement agreement and retains jurisdiction, it is the "functional equivalent" of a consent decree to permit an award of attorneys' fees. *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002).

BBB argues that Laney was not a prevailing party because the company disclaimed liability in the settlement agreement and settled for what it calls a nuisance value. This argument lacks merit. Regarding the amount of the settlement payment, "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding" that a plaintiff has not satisfied the "prevailing party" standard. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792 (1989). The settlement value here, however, reflected three years' worth of overtime for Laney—doubled because of liquidated damages—and nine weeks' worth of lost wages for the retaliation claim. Although less than Laney's initial settlement demand, the ultimate settlement amount is more than a mere nuisance value settlement.

As to BBB's disclaimer of liability in the settlement agreement, one of the cases the company itself cites recognized this argument as "unavailing." *McBride v. Legacy Components, LLC*, 778 F. App'x 708, 710 (11th Cir. 2019). Although

*McBride* is an unpublished case that is not binding precedent on this Court, we agree with its characterization of BBB's argument. In addition to BBB's payment of $26,000 to resolve the merits of the litigation, Laney and BBB's settlement agreement expressly provides that BBB will pay Laney's attorneys for their reasonable fees and expenses and leaves it for the district court to determine entitlement and amount. To hold that, in these circumstances, BBB's unilateral disclaimer of liability somehow nullifies part of the consideration underlying the parties' mutual agreement finds no support in our case law. We therefore conclude that the district court correctly determined that Laney was a prevailing party.

### B. Reasonableness of Fees Awarded

BBB next argues that the district court did not follow the correct process to determine whether the attorneys' fees award was reasonable and that the amount awarded was, in fact, not reasonable. In determining whether a requested fee is reasonable, a district court must first determine the lodestar amount by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). This amount is "strongly presumed" to be a reasonable fee. *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993). Because BBB concedes the reasonableness of the hourly rate charged by Laney's attorneys, the issue before us only involves the number of hours expended.

BBB contends that the district court did not sufficiently consider whether the charges on the itemized bills were reasonable and instead cursorily asserted that the time expended was reasonable and reflected the business judgment of Laney's attorneys.[1] A review of the district court's order granting the motion for attorneys' fees, however, demonstrates that the district court methodically went through BBB's objections and explained why it was reasonable for Laney's attorneys to spend time on the items to which BBB objected. For example, BBB argues that Laney's attorneys should not have been awarded fees for recreating Laney's time records, researching entities related to BBB that were not a party, and duplicating efforts between the two attorneys. In declining to reduce the fee award on these bases, the district court found that Laney's attorneys had only limited time records available to them, that the FLSA cases involving entities related to BBB were relevant to Laney's case, and that, after reviewing the submitted time records, no duplication of efforts

---

[1] BBB also argues that the district court erred by criticizing the company's voluminous submissions opposing the attorneys' fees motion and by striking what the district court called an unauthorized surreply. After a prevailing party in a FLSA case moves for attorneys' fees, the district court must allow an opportunity for adversarial submissions. Fed. R. Civ. P. 54(d)(2)(C). From this, BBB contends that the district court was required to allow submissions beyond the court's normal briefing procedures. In support of this argument, BBB relies on a case from the Eighth Circuit not relevant to BBB's argument. *Cf. Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014) (holding that a district court did not violate Rule 54 by ruling on an attorneys' fees motion after considering briefing but not conducting an evidentiary hearing). Nothing in the Federal Rules of Civil Procedure provides a party in an FLSA dispute the right to file briefs beyond those permitted by the court's normal briefing procedures. In any event, although the district court struck BBB's surreply from the record, the district court expressly stated that, in reaching its decision regarding the fee request, it had "considered all the arguments raised by" BBB. Because the district court followed the requirements of its normal briefing procedures, it did not err in this regard.

occurred. Based on the record, we cannot conclude that the district court abused its discretion in this regard.

BBB also argues that when determining whether the amount of hours spent was reasonable, the district court should have considered the content of late discovery responses rather than merely the amount of time spent preparing those documents. BBB further argues that it was inconsistent for the trial court to say that Laney contributed to the increased cost of preparing the joint pretrial order but to find that the number of hours spent on that preparation reasonable. Tardy discovery filings and disagreements between counsel concerning the content of a pretrial order do not automatically require a district court to reduce an attorneys' fees award. Moreover, as to each of these objections, the district court, after reviewing the submitted time records and based on its own knowledge and expertise, concluded that ten hours charged for responding to discovery and just over twenty-three hours charged to research, draft, and finalize a joint pretrial order were reasonable time entries. Therefore, we cannot conclude that the district court abused its discretion here.

BBB further argues that the district court should have considered that Laney's counsel "used a form template for a complaint, never amended the complaint, never prepared a brief, cited to only four cases in the initial disclosures, never controverted any of the cases cited by BBB, and never presented any proof of any legal review or

analysis." The district court, however, noted the fact-intensive nature of FLSA cases and referred to its review of "detailed time entries [showing] specific topics that required research in this case." The district court specifically found that "counsel's 42.25 hours of legal research over the course of close to two years' worth of litigation was reasonable." Although the case might not have produced as much work product as BBB believes would justify the time spent by Laney's attorneys, we cannot conclude that the district court abused its discretion.

Relatedly, BBB argues that in determining the reasonable amount of hours spent, the district court did not require Laney's attorneys to exercise prudent billing judgment because it failed to examine whether they should have settled after discovering the requisite assessment of the case. In its order, however, the district court *did* consider the possibility of early settlement and found that BBB rejected early settlement offers, that Bresenhan's July 2018 email was not a settlement offer, and that BBB should have responded to Laney's settlement and mediation offers sooner. Thus, we cannot conclude that the district court abused its discretion in this regard.

**C. Reliance by the District Court on its Own Expertise**

In determining the reasonableness of the amount of hours billed, the district court relied, in part, on its own expertise. BBB argues that the district court erred in doing so without employing the relevance and reliability framework for expert

10

testimony outlined in cases such as *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004), which apply the framework established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[2]  We find this argument without merit. *Frazier* involved the presentation of testimony from a party's expert witness, not the trial court's reliance on its own expertise.  See *Frazier*, 387 F.3d at 1256–57.  It is long settled in this circuit that when a court is determining the reasonableness of attorneys' fees, the court, as a matter of law, is itself an "expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses." *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).  *Daubert* and its progeny—which require the trial court to serve as a gatekeeper regarding admissibility before a party can present an expert witness's testimony to the fact finder, *see Daubert*, 509 U.S. at 596–97; *Frazier*, 387 F.3d at 1260—simply do not apply to the trial court's reliance on *its own* expertise when reviewing a fee request.  Thus, the district court did not abuse its discretion in relying on its own expertise in determining the reasonableness of the amount of time billed, nor was it required to subject its own expertise to *Daubert*'s framework.

---

[2] BBB also contends that the district court failed to address the declaration from BBB's attorney filed in response to Laney's fee motion.  The district court's order, however, expressly states that the district court reviewed that declaration as part of its analysis.

11

### D. Comparison of Settlement Demand with Settlement Amount

Finally, BBB argues that under *Walker v. Iron Sushi LLC,* 752 F. App'x 910 (11th Cir. 2018), the district court was required to compare the amount of the initial settlement demand—$41,000—to the actual settlement amount—$26,000. To the extent that BBB asks us to adopt the reasoning in *Walker*—an unpublished opinion that is not binding precedent on this Court—we decline to do so. First, we note that while *Walker* permits a district court to compare the settlement demand and the settlement amount, it does not require the district court to do so. *See id.* at 915 ("[A]lthough a rejected settlement offer can never be dispositive in awarding attorney fees under the FLSA in the way that it is under other statutes, it is still a relevant factor that the district court *has discretion* to consider." (emphasis added)). Thus, even if we were to apply the reasoning in *Walker* to this case, we could not conclude, as a matter of law, that the district court abused its discretion by not comparing the settlement demand and the settlement amount. Moreover, the record establishes that the settlement amount reflected three years' worth of overtime—doubled as a result of liquidated damages—and nine weeks' worth for lost wages for the retaliation claim. We, therefore, cannot conclude that the amount Laney received in settlement was so small compared to the initial demand that the district court abused its discretion in not reducing the attorneys' fees.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons we affirm the district court's order awarding attorneys' fees against BBB.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 08, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-12279-JJ
Case Style: Dexter Laney v. BBB Logistics, Inc.
District Court Docket No: 1:18-cv-02071-SDG

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs